UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01859-JLS-KK                                                  Date: September 29, 2023
Title:  State National Insurance Company v. Murphy et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Gabby Garcia  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**

The Court may sua sponte raise the issue of subject-matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As the party invoking federal jurisdiction, the plaintiff has the burden of establishing subject-matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  At the pleading stage, the plaintiff must make "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(1)(1).

To fall within the Court's diversity jurisdiction, an action's "matter in controversy [must] exceed[] the sum or value of $75,000."  28 U.S.C. § 1332(a)(1).  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).  "Conclusory allegations as to the amount in controversy are insufficient."  *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01859-JLS-KK                                                    Date: September 29, 2023
Title:  State National Insurance Company v. Murphy et al

      Plaintiff State National Insurance Company ("SNIC") invokes diversity jurisdiction (Compl., Doc. 1 ¶ 5), but it fails to plausibly plead that the amount-in-controversy requirement is satisfied.  While SNIC alleges that "the amount in controversy exceeds the jurisdictional limitations set forth in 28 U.S.C. § 1332" (*id.*), that statement is a "[c]onclusory allegation," which the Court need not accept, *Corral*, 878 F.3d at 774.  Here, the "object of the litigation," *Hunt*, 432 U.S. at 347, is a declaration that SNIC has the right to rescind an insurance policy under which SNIC is otherwise obligated to defend Defendants in an ongoing slip-and-fall action (Compl., Doc. 1 ¶¶ 15–24, 43).  The "value" of that "object," *Hunt*, 432 U.S. at 347, appears to be the avoidance of future costs associated with defending Defendants in the slip-and-fall action and other actions within the insurance policy's coverage (Compl., Doc. 1 ¶¶ 29, 31, 36, 38).  But SNIC makes no allegations regarding the *magnitude* of those costs.  (*See* Compl., Doc. 1 ¶¶ 31, 38.)  Indeed, SNIC alleges that the costs are "in an amount unknown at this time" and, therefore, "prays leave of this court to amend this Complaint . . . when [the costs] have been ascertained."  (*Id.*)  Given this allegation that SNIC's expected costs are "unknown at this time," SNIC has not satisfied its burden of plausibly pleading that the amount in controversy "exceeds . . . $75,000."  28 U.S.C. § 1332(a)(1).

      For the foregoing reasons, the Court DISMISSES this action for lack of subject matter jurisdiction WITHOUT PREJUDICE, and orders the action to be closed.

                                                              Initials of Deputy Clerk: gga